842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. KONCHESKY, Defendant-Appellant.
 No. 87-5615.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 12, 1988.
Decided March 11, 1988.
 
 David J. Romano, on brief, for appellant.
 William A. Kolibash, United States Attorney; John H. Reed, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert J. Konchesky appeals from a conviction and sentence imposed pursuant to his guilty plea for violation of 18 U.S.C. Sec. 1955 and 26 U.S.C. Sec. 7201. We affirm.
 
 
 2
 On November 20, 1986, Konchesky pleaded guilty to charges of conducting an illegal gambling business and willfully evading taxes on the income of that business. The terms set forth in the original written agreement were represented to the district court as constituting the entire agreement.[1] The plea agreement stated that the government would stand silent as to sentence but that it would advise the court of Konchesky's forthrightness and truthfulness or failure to be forthright and truthful. In reviewing all the available evidence for the presentence report, the U.S. Attorney later concluded that Konchesky had derived some of his unreported income from illegal drug activities. The government reported such activity to the court in the form of a motion to supplement the presentence report.
 
 
 3
 At the sentencing hearing, Konchesky moved to strike the presentence report and moved for specific performance of the plea agreement. The court stated that it would not rely upon the contested information in passing sentence and struck the references to controlled substances from the report. The court then sentenced Konchesky to two concurrent five-year terms and one five-year consecutive term which was suspended with five years probation and a $10,000 fine.
 
 
 4
 On appeal, Konchesky contends that the government breached its plea agreement by informing the district court, by way of the presentence report, of unsubstantiated allegations of links between Konchesky and controlled substances. We find no merit in this argument. Nothing in the written plea agreement, presented at the hearing and examined by the district court, prohibited the government from presenting relevant facts to the judge.[2] In fact, under the terms of the plea agreement the government was required to advise the court of Konchesky's forthrightness and truthfulness or failure to be forthright and truthful. Subsequent to the plea agreement, further investigation by the government discovered witnesses and facts that related to loans made by Konchesky for the purpose of purchasing drugs. Konchesky had denied any connection with controlled substances. Thus, the information in the presentence report was directly relevant to whether Konchesky was providing truthful information.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This agreement was supplemented on December 4, 1986
 
 
 [2]
 There had been discussions between defense counsel and the assistant United States Attorney concerning defense counsel's desire that rumors regarding a relationship between transactions in controlled substances and defendant's offenses not be reported to the court. These discussions, however, were never part of the agreement. Certainly, the agreement did not provide that facts concerning other offenses would be withheld from the court